Robert Edward **TISSIER**, Relator,

v.

The Honorable Joe **KEGANS**, Judge of the 230th District Court of Harris County, Texas, Respondent.

No. 01–90–00351–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 30, 1990.

Colin B. Amann, Houston, for relator.

John B. Holmes, Dist. Atty., Houston, for respondent.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

EVANS, Chief Justice.

Relator, Robert Edward Tissier, asks this Court to order respondent, the Honorable Joe Kegans, Judge of the 230th District Court of Harris County, Texas, to approve the sureties on a post-conviction bond.

Relator's conviction for injury to a child was reversed by this Court on February 1, 1990. On February 16, 1990, the State filed its motion for rehearing, which is still pending. On February 22, 1990, relator filed a motion to have this Court set bail pursuant to TEX.CODE CRIM.P.ANN. art. 44.-04(h) (Vernon Supp.1990). Article 44.04(h) provides:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail ... pending final determination of an appeal by the state or the defendant on a motion for discretionary review ... The sureties on the bail must be approved by the court where the trial was had ... The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' *final* ruling as defined by Tex.Cr.App.R. 209(c).

(Emphasis added.)

We granted relator's motion, and set bond at $10,000; respondent refused to approve the surety on the bond.

■ A court of appeals will issue a writ of mandamus only where the record shows both a clear legal duty to proceed and a refusal to do so by the trial court. *Pena v. Zardenetta*, 714 S.W.2d 72, 73 (Tex.App.—San Antonio 1986, orig. proceeding).

■ While it is clear respondent has refused to approve the sureties on the bond, relator has not demonstrated a clear legal duty for her to do so. First, the language of article 44.04(h) does not expressly command the trial court to approve the sureties on the bond; rather, it is directional language to the defendant, informing him of which court, trial or appellate, he is required to appear before to have the bond approved. A trial court's decision to approve or disapprove the sureties on a bond is discretionary. Relief by writ of mandamus will not lie for the failure to do a discretionary act, absent a clear abuse of discretion. *State ex. rel Curry v. Gray*, 726 S.W.2d 125, 128 (Tex.Crim.App.1987).

■ Second, relator's right to release on the bond set does not mature until this Court renders its final ruling. Former rule 209(c) was not carried forward to the revised, combined rules of civil and criminal appellate procedure, but even if this language is disregarded, it is evident the legislature intended that release on bail be delayed until a case is completely finished. The State's motion for rehearing is still pending. Therefore, the decision of this Court reversing appellant's conviction is not final, and he is not yet entitled to release on bond. If the State's motion for rehearing is denied, the reversal of the conviction will become final for the purposes of article 44.04(h), and defendant then will be entitled to release on an approved $10,000 bond.

Because relator has not demonstrated a clear legal duty for respondent to approve the bond, relator's motion for leave to file a petition for a writ of mandamus is overruled.