**Ray Anthony BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–98–620–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1999.

Rehearing Overruled Dec. 16, 1999.

722

Michael R. Wadler, Houston, for appellant.

Josh McCown, Dist. Atty., Wharton, Robinson C. Ramsey, San Antonio, George Allen Maffett, Dist. Attorney's Office, Wharton, for State.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

## OPINION

Opinion by Chief Justice SEERDEN.

This is an appeal from a conviction for aggravated assault.[1] By a single issue, Ray Anthony Bailey, appellant, challenges the legal sufficiency of the evidence to support his conviction. We modify the conviction and remand for re-sentencing.

On March 25, 1998, Cassandra Bailey, the estranged spouse of appellant, was walking home at about one o'clock in the morning. A car pulled up beside her. Ap-

---

1. TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 1998).

pellant was in the car and told Cassandra to get in. She did. After traveling several blocks, appellant ordered the driver to stop the car. He ordered Cassandra out and then he got out as well. Another man got out of the car at the same time. Appellant told Cassandra to sit on the ground, then stood over her with one leg on each side of her body. He began hitting her in the face. Appellant said, "I done told you about playing with me," and proceeded to hit her several more times. After ordering her to stand again, appellant picked up a piece of wood. On direct examination, Cassandra referred to the piece of wood as a "board." She did not dispute, however, that in her initial report to the police, she termed the piece of wood a "stick." At trial, she described the object to be approximately one-half inch thick and, using hand gestures only, described the length and width of the object. No further description of the object is in the record. Regardless, appellant wielded the object as a weapon during this encounter. Appellant then knocked Cassandra back to the ground. He again said, "I done told you about playing with me," and then said, "After tonight, you are not going to play with me anymore." He then struck Cassandra with the object several times. At one point, the object broke and appellant picked up another piece of wood and resumed beating Cassandra. Appellant finally let Cassandra walk home approximately one hour later. She suffered severe bruises on the left side of her torso and was forced to use crutches for several days after the assault.

■ By his sole issue, appellant challenges the legal sufficiency of the evidence supporting the finding that the pieces of wood, as used in this assault, were deadly weapons. When conducting a legal sufficiency analysis, we view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Williams v. State,* 937 S.W.2d 479, 482 (Tex.Crim.App.1996). The jury, as fact finder, is entitled to weigh all of the evidence and make reasonable inferences therefrom.

A person commits the offense of aggravated assault in one of at least two ways. First, there must be an assault. An assault occurs when one intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon 1998).[2] An assault becomes aggravated upon proof of either of two contingencies. First, an assault is aggravated if the assailant caused serious bodily injury to another. TEX. PENAL CODE ANN. § 22.02(a)(1) (Vernon 1998). In this case, the record shows that Cassandra suffered multiple severe bruises and was forced to use crutches to walk for several days after the assault. However, this court has held that severe bruises do not constitute serious bodily injury as defined in the penal code. TEX. PENAL CODE ANN. § 1.07(a)(46) (Vernon 1998); *Villarreal v. State,* 716 S.W.2d 651, 652 (Tex.App.—Corpus Christi 1986, no pet.); *see also Moore v. State,* 739 S.W.2d 347, 355 (Tex. Crim.App.1987).

■ Alternatively, an assault is aggravated if the assailant uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 1998). A deadly weapon is anything that in the manner of its use or *intended use* is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 1998) (emphasis supplied). Serious bodily injury is bodily injury that creates a substantial risk of death or that causes death,

---

**2.** We acknowledge that section 22.01 provides for two other methods of assault, neither of which requires bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2)—(3) (Vernon 1998) (assault by threat of imminent bodily injury and assault by offensive or provocative physical contact). Nevertheless, because the facts of this case demonstrate that Cassandra did actually suffer bodily injury, we confine our analysis to that theory of assault.

serious permanent disfigurement, or protracted loss of any bodily member or organ. TEX. PENAL CODE ANN. § 1.07(a)(46) (Vernon 1998). When the State alleges the use of a deadly weapon which is not deadly *per se*,[3] it must prove beyond a reasonable doubt that the weapon was used in a manner capable of causing death or serious bodily injury. *Hill v. State*, 913 S.W.2d 581, 584 (Tex.Crim.App.1996). The State need not show that the weapon actually caused serious bodily injury, but merely that, *as used*, the weapon was *capable* of causing such injury. *Jefferson v. State*, 974 S.W.2d 887, 892 (Tex.App.—Austin 1998, no pet.) (emphasis supplied); *Brooks v. State*, 900 S.W.2d 468, 472 (Tex. App.—Texarkana 1995, no pet.); *Gillum v. State*, 888 S.W.2d 281, 288 (Tex.App.—El Paso 1994, pet. ref'd).

■ This does not, however, dispense with the expressed *mens rea* requirement of section 1.07(a)(17)(B). Where an object is alleged to be a deadly weapon and the evidence does not show that the weapon caused death or serious bodily injury, the State must produce evidence showing the object was both "capable of causing serious bodily injury and was displayed or used in a manner which establishes the intent to cause death or serious bodily injury." *Bui v. State*, 964 S.W.2d 335, 342–43 (Tex. App.—Texarkana 1998, pet. ref'd); *Wade v. State*, 951 S.W.2d 886, 892 (Tex.App.—Waco 1997, pet. ref'd). An object will not qualify as a deadly weapon "unless actually used or intended to be used in such a way as to cause death or serious bodily injury." *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim.App.1991). Thus, the focus of the inquiry is not primarily upon an attenuated possibility that the weapon might, if used in a certain manner, be capable of inflicting serious bodily injury or death.[4] Rather, the inquiry must initially focus on the intention of the assailant in wielding the weapon. *Id.; see also Wade*, 951 S.W.2d at 892; *Gibbs v. State*, 932 S.W.2d 256, 257–58 (Tex.App.—Texarkana 1996, no pet.); *Lucero v. State*, 915 S.W.2d 612, 614 (Tex.App.—El Paso 1996, pet. ref'd); *Hester v. State*, 909 S.W.2d 174, 179 (Tex. App.—Dallas 1995, no pet.).[5]

■ Each case involving a deadly weapon allegation must be examined on its own facts. *Hester*, 909 S.W.2d at 179 (citing *Brown v. State*, 716 S.W.2d 939, 947 (Tex. Crim.App.1986)). Here, the object's use did not cause serious bodily injury or death. *Villarreal*, 716 S.W.2d at 652. Thus, the relevant inquiry is appellant's intended use of the object. The evidence shows that appellant's intended use was to beat Cassandra only on her torso, and particularly, on the left side, and only to an extent capable of causing bruising. This is manifest by the localization of Cassandra's injuries in that area and the voluntariness of the end of this assault.

Appellant used the object in the manner he intended. Using the object in this manner, he intended to cause only the injuries actually produced. Those injuries were not serious bodily injuries as defined in the statute. Thus, there is no evidence that, as used, the object was capable of inflicting serious bodily injury necessary to support a deadly weapon finding and an aggravated assault conviction. We sustain appellant's sole issue.

■ We must still consider the disposition of this cause. The record indicates that the trial court instructed and charged the jury not only on aggravated assault,

---

**3.** A firearm, for instance, is a deadly weapon *per se*. TEX. PENAL CODE ANN. § 1.07(a)(17)(A) (Vernon 1998).

**4.** As the court of criminal appeals has noted, the inquiry into the assailant's *mens rea* is necessary because it is not unfathomable that "automobiles, telephone cords, bathwater, feather pillows, [or] golf clubs" could be, in certain circumstances, capable of inflicting

serious bodily injury or death. *Thomas*, 821 S.W.2d at 616.

**5.** Several courts have held that the intent requirement does not also require a separate affirmative culpable mental state finding by the jury. *Wade*, 951 S.W.2d at 889; *Butler v. State*, 928 S.W.2d 286, 288 (Tex.App.—Fort Worth 1996, pet. ref'd).

but also on the lesser included offense of assault. TEX. PENAL CODE ANN. § 22.01(a) (Vernon 1998). To prove assault, the State was required to show that appellant intentionally, knowingly, or recklessly caused bodily injury to Cassandra. *Id.* A deadly weapon finding was the only additional element necessary to support an aggravated assault conviction. TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 1998). By finding appellant guilty of aggravated assault, the trial court has necessarily found appellant guilty of simple assault. *See Lockett v. State,* 874 S.W.2d 810, 818 (Tex.App.—Dallas 1994, pet. ref'd). Appellant has not challenged the sufficiency of the evidence supporting the remaining elements of the simple assault charge. When a court of appeals determines that the evidence is insufficient to support a conviction for a greater offense, it has the authority to reform the conviction to a lesser offense that the evidence will support, so long as the jury was instructed on the lesser offense. *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993); *Flores v. State,* 888 S.W.2d 187, 193 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Since the insufficient evidence in this case relates only to an element necessary to prove aggravated assault, we reform the judgment to reflect a conviction for assault.

The only remaining issue is whether appellant is entitled to a new punishment hearing. Aggravated assault, the offense for which appellant was punished, is a second degree felony. TEX. PENAL CODE ANN. § 22.02(b) (Vernon 1998). A second degree felony is punishable by a term of imprisonment of not more than twenty years nor less than two years and a fine not to exceed $10,000. Assault, the offense that we reform the judgment to reflect, is a Class A misdemeanor. TEX. PENAL CODE ANN. § 22.01(b) (Vernon 1998). A Class A misdemeanor is punishable by a fine not to exceed $4000, confinement in jail for a term not to exceed one year, or both. TEX. PENAL CODE ANN. § 12.21 (Vernon 1998). Because the range of punishment for assault is substantially different from the range of punishment for aggravated as-

sault, we must remand the cause to the trial court for another punishment hearing. *See Flores,* 888 S.W.2d at 193.

Accordingly, we REFORM the judgment to reflect a conviction for assault and as reformed, AFFIRM the judgment. We also REVERSE the portion of the judgment imposing punishment and REMAND to the trial court for further proceedings.