Ray Anthony BAILEY, Appellant,

v.

The STATE of Texas.

No. 370–00.

Court of Criminal Appeals of Texas, En Banc.

Feb. 14, 2001.

Michael R. Wadler, Houston, for appellant.

Joshua W. McCown, Wharton, Robunson C. Ramsey, San Antonio, Matthew Paul, State's Atty., Austin, for the State.

*OPINION*

PER CURIAM.

Appellant Ray Anthony Bailey was convicted of aggravated assault by use of a deadly weapon. *See* Tex.Pen.Code § 22.02. The evidence at trial indicated that appellant threatened and repeatedly struck his estranged wife, Cassandra, with a piece of wood variously described as a "board" and a "stick." On appeal, appellant challenged the legal sufficiency of the evidence supporting the deadly-weapon finding. The court of appeals reformed the judgment to reflect a conviction of assault, and remanded the cause for an new punishment hearing. *Bailey v. State*, 7 S.W.3d 721 (Tex.App.—Corpus Christi 1999). We granted the state's petition for discretionary review challenging the court of appeals' decision.[1]

In determining that the evidence was insufficient to support a deadly-weapon finding, the court of appeals focused upon § 1.07(a)(17)(B) of the Texas Penal Code, which defines a "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." The court explained that:

> Where an object is alleged to be a deadly weapon and the evidence does not show that the weapon caused death or serious bodily injury, the State must produce evidence showing the object was both capable of causing serious bodily injury and was displayed or used in a manner which establishes the intent to cause death or serious bodily injury. An object will not qualify as a deadly weapon "unless actually used or intended to be used in such a way as to cause

death or serious bodily injury." *Thomas v. State*, 821 S.W.2d 616, 620 (Tex.Crim.App.1991). Thus, the focus of the inquiry is not primarily upon an attenuated possibility that the weapon might, if used in a certain manner, be capable of inflicting serious bodily injury or death. Rather, the inquiry must initially focus on the intention of the assailant in wielding the weapon. *Id*.

*Bailey*, 7 S.W.3d at 724 (citations, footnotes and internal quotation marks omitted). On this basis, the court held:

> The evidence shows that appellant's intended use was to beat Cassandra only on her torso, and particularly, on the left side, and only to an extent capable of causing bruising. This is manifest by the localization of Cassandra's injuries in that area and the voluntariness of the end of this assault.
>
> Appellant used the object in the manner he intended. Using the object in this manner, he intended to cause only the injuries actually produced. Those injuries were not serious bodily injuries as defined in the statute. Thus, there is no evidence that, as used, the object was capable of inflicting serious bodily injury necessary to support a deadly weapon finding and an aggravated assault conviction.

*Id.* Recently, however, in interpreting § 1.07(a)(17)(B), we explained:

> The statute does not say "anything that in the manner of its use or intended use causes death or serious bodily injury." Instead the statute provides that a deadly weapon is "anything that in the manner of its use or intended use *is capable of causing*

---

1. The precise grounds of the state's petition are as follows: (1) In holding that there was no evidence to support the finding that when Bailey used or intended to use the board in a deadly manner when beating his victim, did the court of appeals misapply the legal sufficiency of evidence standard of review by ignoring evidence favorable to the prosecution; (2) Did the court of appeals correctly interpret Tex.Pen.Code § 1.07(a)(17)(B) to require the state to prove that Bailey intentionally used the weapon in a deadly manner when all the state was legitimately required to prove under the express terms of this statute was that the weapon was deadly in the actual manner of its use, regardless of Bailey's *mens rea*?

death or serious bodily injury." § 1.07(a)(17)(B) (emphasis added). The provision's plain language does not require that the actor actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury. The placement of the word "capable" in the provision enables the statute to cover conduct that threatens deadly force, even if the actor has no intention of actually using deadly force. *Thomas* contains language that is somewhat misleading when it states that certain objects are not deadly weapons "unless actually used or intended to be used in such a way as to cause death or serious bodily injury within the meaning of Section 1.07(a)(11)(B)." 821 S.W.2d at 620. But a closer reading of the opinion shows that the Court was simply making a shorthand reference to subsection (B)'s requirement while the Court focused upon the applicability of subsection (A). The modifying phrase "within the meaning of Section 1.07(a)(11)(B)" requires us to refer back to the statutory text to determine the full meaning of that passage. A subsequent paragraph in the opinion rectifies this omission by including the word "capable" in its discussion. 821 S.W.2d at 620.

*McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim.App.2000) (citations and footnote omitted). The court of appeals did not have the benefit of our decision in *McCain*. Therefore, we sustain the state's second ground for review, vacate the judgment of the court of appeals, and remand the cause to that court for reconsideration in light of *McCain, supra.*[2]

---

2. Due to our disposition on this ground for review, it is unnecessary for us to review the remaining ground. Therefore, ground one is dismissed without prejudice.