NUMBER 13-98-620-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_______________________________________________________________


RAY ANTHONY BAILEY , Appellant,


v.


THE STATE OF TEXAS , Appellee.

________________________________________________________________


On appeal from the 329th District Court

of Wharton County, Texas.

________________________________________________________________


OPINION ON REMAND

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey


A jury convicted appellant, Ray Anthony Bailey, of aggravated assault with a deadly weapon. (1) Appellant pleaded true to
the enhancement paragraphs in the indictment, and the trial court sentenced him to thirty years in prison. Appellant
appealed by one issue, challenging the legal sufficiency of the evidence to support the deadly weapon finding. We reversed
appellant's conviction, modified the judgment to reflect a conviction for the lesser-included offense of assault, and
remanded the case to the trial court for a new punishment hearing. See Bailey v. State, 7 S.W.3d 721 (Tex. App.--Corpus
Christi 1999). (2)

The court of criminal appeals granted the State's petition for discretionary review, vacated our judgment, and remanded the
case to us for reconsideration in light of McCain v. State, 22 S.W.3d 497 (Tex. Crim. App. 2000). See Bailey v. State, 38
S.W.3d 157, 159 (Tex. Crim. App. 2001) (per curiam). 

I. Factual Background

About 1 a.m. on March 25, 1998, Cassandra Bailey was walking home when a car stopped along side of her. Appellant,
her estranged husband, who was a passenger, told her to get in the car. She got in the car and was taken to a location near a
field in Wharton, Texas. Appellant, his brother, and Cassandra got out of the car. Upon appellant's command Cassarndra
sat on the ground. Appellant stood over her and began hitting her on the right side of the face. He told her, "Bitch, I done
told you about playing with me." He hit her several times and told her to get up and walk. She began walking, and
appellant knocked her down. He stood over her again and said, "I done told you I going to teach you about playing with
me. You take me for a joke; don't you?" He kicked her a couple of times in her side and poured beer on her. Cassandra
testified:

At that point, there were a couple of boards within hand's reach. He picked a board up, and he had it up in the air. And as
he was coming down, he said, "Bitch, I done told you about playing with me. After tonight you are not going to play with
me anymore."

And as he was coming down striking me with the board, I had my elbow up and I was flinching in and he hit me several
times with the board. Okay. That board broke. He picked up another one, and he hit me several more times. And then
through him striking down to hit me, I had my elbow up flinching, in protecting myself at the same time, I did have a lump
on my elbow, which did go away.

Her testimony was that appellant used the boards to hit her on her ribs and left side and that if she had not protected herself
she would have been hurt more severely. After the assault appellant let her go home. When she woke up that morning she
could barely walk and was taken to the emergency room.

Cathy Belcher, a registered nurse who worked in the emergency room, interviewed her. She testified that Cassandra said
that appellant had hit her with a large square piece of board, or 4 by 4. Cassandra had multiple areas of bruises and
contusions. She had soft-tissue injuries under the rib cage. A contusion on her left flank was bigger than Belcher's hand. 
Belcher agreed that this injury was consistent with being hit with a big piece of wood. She thought that the object causing
the wound would have to be large, straight, and flat. She said that a large piece of wood could cause death to anybody,
given the right force and location. Cassandra was discharged from the emergency room, but had to walk on crutches.

The trial court admitted photos of Cassandra's injuries into evidence. Officer Garcia, the investigator in this case, said that
the photos showed bruises to Cassandra's left knee, arm, wrist, and elbow, and large bruising to her left side around the rib
area. The photos were published to the jury. Garcia's testimony was that the bruises were consistent with being hit with a
stick or board. He also testified that sticks and boards are capable of causing death or serious bodily injury in the manner
they are used.

II. Analysis

By his first issue appellant asks us to determine whether "intent" is relevant in this appeal. By his second issue he asks us
to determine whether the State "produce[d] sufficient evidence to establish that the board" was a deadly weapon. Appellant
does not state whether he is challenging the legal or factual sufficiency of the evidence; however, in his conclusion he
argues that there is no factually or legally sufficient evidence to sustain the conviction. Thus we will review the facts under
both standards.

In evaluating the legal sufficiency of the evidence we use the standard announced in Jackson v. Virginia, 443 U.S. 307, 319
(1979); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). When reviewing the factual sufficiency of the
evidence we apply the test set forth in Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

The Texas Penal Code defines "deadly weapon" as follows:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Tex. Penal Code Ann. § 1.07(a)(17) (Vernon 1994 & Supp. 2001). A board is not a deadly weapon per seso the State was
required to prove that, in the manner of its use or intended use, the board was capable of causing death or serious bodily
injury. See Tex. Penal Code Ann. § 1.07(a)(17)(B).

In Bailey v. State, 38 S.W.3d 157 (Tex. Crim. App. 2001) the court explained section 1.07(a)(17)(B) by saying:

 The statute does not say "anything that in the manner of its use or intended use causes death or serious bodily injury." 
Instead the statute provides that a deadly weapon is "anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury."

Id. at 158-59 (emphasis in original).

In McCain v. State, 22 S.W.3d 497 (Tex. Crim. App. 2000)) the court stated regarding section 1.07(a)(17)(B) that:

The provision's plain language does not require that the actor actually intend death or serious bodily injury; an object is a
deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily
injury. The placement of the word "capable" in the provision enables the statute to cover conduct that threatens deadly
force, even if the actor has no intention of actually using deadly force.

McCain, 22 S.W.3d at 503.

In light of the holding in McCain we must determine if appellant intended to use the boards in a manner that would be
capable of causing serious bodily injury or death. McCain, 22 S.W.3d at 503. First we determine if the jury could have
found that it was appellant's intent to use the boards in such a manner that they would be capable of causing serious bodily
injury or death. The evidence showed that appellant knocked Cassandra to the ground, picked up a board, stood over her,
and threatened her, saying, "Bitch, I done told you about playing with me. After tonight you are not going to play with me
anymore." He then hit her with the board several times on her left side. When it broke he used another board to hit her
several more times on her left side. Her testimony was that if she had not protected herself she would have been hurt more
severely. Thus a rational fact finder could conclude that appellant intended to hit Cassandra with the boards in such a
manner that they would be capable of causing serious bodily injury or death.

Next we consider whether there is sufficient evidence to show that the boards were capable of causing death or serious
bodily injury. Cassandra testified that in her statement she had stated that appellant had hit her with a "big stick." During
trial, however, she testified that he had hit her with two boards, each being the same size and about one-half inch thick. 
She did not testify about the length, width, or weight of these boards. The State did not produce the boards or introduce
them into evidence.

Appellant contends that in order for the evidence to be sufficient there must be some evidence of the size and weight of the
boards. He also cites Villarreal v. State, 716 S.W.2d 651 (Tex. App.--Corpus Christi 1986, no pet.) in which the defendant
beat and kicked the victim on the face and torso. This resulted in two broken ribs and a bruise and lacerations to the
victim's face. His rib injuries kept the victim from raising his arms for ten days and gave him pain for two weeks. The
defendant was convicted of aggravated assault by causing serious bodily injury. We reversed the conviction, stating that
the evidence was insufficient to show that the defendant caused serious bodily injury. Id. at 652.

However our holding in Villarreal does not control the disposition of this case. Here appellant was convicted of
aggravated assault by use of a deadly weapon, not by causing serious bodily injury. Thus we focus our analysis on whether
the weapon was capable of causing death or serious bodily injury and not on whether it caused serious bodily injury.

The Texas Court of Criminal Appeals has approved several factors to be used in determining whether an object is capable
of causing death or serious bodily injury: (1) physical proximity between the victim and the object, Tisdale v. State, 686
S.W.2d 110, 115 (Tex. Crim. App. 1984); (2) the threats or words used by the defendant, Williams v. State, 575 S.W.2d 30,
32 (Tex. Crim. App. 1979); (3) the size and shape of the weapon, Blain v. State, 647 S.W.2d 293, 294 (Tex. Crim. App.
1983); (4) the weapon's ability to inflict death or serious injury, id.; and (5) the manner in which the defendant used the
weapon, id. No one factor is determinative, and each case must be examined on its own facts. See Brown v. State, 716
S.W.2d 939, 946-47 (Tex. Crim. App. 1986). Either expert testimony or lay testimony may be sufficient to support a
finding. English v. State, 647 S.W.2d 667, 668-69 (Tex. Crim. App. 1983). Introducing the weapon in evidence assists the
jury, but the jury may determine the weapon was capable of causing death or serious bodily injury even if it is not in
evidence. Id. at 669.

1. Proximity and Threats.

Appellant stood over Cassandra and threatened her with physical harm by saying, "After tonight you are not going to play
with me anymore." He then hit her several times with the boards.

2. The Weapon's Ability to Inflict Death or Serious Injury.

The State did not produce the boards used to hit Cassandra. She described both boards as being the same size, each about
one-half inch thick. She did not give a verbal description of the boards' length, width, or weight. However Nurse Belcher
testified that Cassandra described the object as a large square piece of board. The contusion on Cassandra's left flank was
bigger than Belcher's hand. Belcher's testimony was that this wound was consistent with being hit by a big piece of wood. 
According to Belcher it would have to be large, flat, and straight. Belcher testified that a large piece of wood could cause
death to anybody, given the right force and location.

3. The Manner in Which Appellant Used the Weapon,

Appellant repeatedly hit Cassandra on her left side causing soft-tissue injuries along with multiple bruises and contusions. 
At one point during the assault the board broke, and appellant hit her with another board.

Considering the close proximity between appellant and Cassandra, the violent manner in which he assaulted her, the photos
and description of the wounds, the size of the boards used to hit her, and Belcher's testimony that a large piece of wood
could cause death, the evidence is legally sufficient for the jury to find that appellant used a deadly weapon, because he
intended to use the boards in such a manner that they were capable of causing death or serious bodily injury. We therefore
hold that the jury's verdict of aggravated assault by use of a deadly weapon was based on legally sufficient evidence. We
also hold that the jury's finding that appellant used a deadly weapon is not clearly wrong or against the great weight and
preponderance of the evidence. We overrule both issues.

Motion To Revoke Order

Setting Bail Pending Appeal


After we handed down our opinion in Bailey v. State appellant, pursuant to article 44.04(h) of the Texas Code of Criminal
Procedure, filed a motion for this Court to set bail pending appeal. In a per curiam order issued January 13, 2000, we set
bail at $2,500 pending the final outcome of the appeal. On April 2, 2001, the State filed a Motion to Revoke Order Setting
Bail for Appellant Pending Appeal.

Our order setting bail pending appeal was based upon this Court's reversal of the underlying judgment finding appellant
guilty of the felony offense of aggravated assault with a deadly weapon and reforming the judgment to find him guilty of
misdemeanor assault. See Bailey v. State, 7 S.W.3d 721 (Tex. App.--Corpus Christi 1999). We are now affirming
appellant's original felony conviction. Article 44.04(b) provides:

The defendant may not be released on bail pending the appeal from any felony conviction where the punishment equals or
exceeds 10 years confinement or where the defendant has been convicted of an offense listed under Section 3g(a)(1),
Article 42.12, but shall immediately be placed in custody and the bail discharged.

Tex. Code Crim. Proc. Ann. art. 44.04(b) (Vernon 1979). We GRANT the State's motion and ORDER that appellant be
placed in custody and the bail discharged. See Tissier v. Kegans, 789 S.W.2d 680, 681 (Tex. App.--Houston [1st Dist.]
1990, no pet.).

We AFFIRM the trial court's judgment and GRANT the State's motion.



J. BONNER DORSEY,

Justice

Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 17th day of May, 2001.

1. The indictment alleged that appellant struck "her left torso area and the defendant did then and there use and exhibit a
deadly weapon, to-wit; a board, during the commission of said assault."

2. We stated that "there is no evidence that, as used, the object was capable of inflicting serious bodily injury necessary to
support a deadly weapon finding and an aggravated assault conviction." Id. at 724.