NUMBER 13-02-550-CR
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
RAYMOND BERA OLIVAREZ,                                                    Appellant,
 
v.
 
THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       
 
On appeal from the 138th District Court of Cameron County, Texas.
                                                                                                                      
 
MEMORANDUM OPINION
 
Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 
             A jury convicted appellant, Raymond Bera Olivarez, of aggravated robbery.


 He now
appeals the trial judge’s denial of his motion for a directed verdict of acquittal. Appellant
challenges the sufficiency of the evidence to support the jury finding that the knife used in
the robbery qualified as a deadly weapon. We affirm.
          The trial court has certified that this is not a plea bargain case and the defendant
has a right to appeal. See Tex. R. App. P. 25.2(a)(2).
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them except as necessary to advise the parties of
the court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
Standard of Review
          A challenge to the trial court’s denial of motion for a directed verdict is, in essence,
a challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479,
482 (Tex. Crim. App. 1996); Hime v. State, 998 S.W.2d 893, 896 (Tex. App.–Houston [14th
Dist.] 1999, pet. ref’d). In reviewing the legal sufficiency of the evidence, an appellate
court examines all of the evidence in the light most favorable to the prosecution and
determines whether any rational jury could have found beyond a reasonable doubt, based
on the evidence and reasonable inferences from it, the essential elements of the offense. 
Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). We do not reweigh the
evidence, but act as a final due-process safeguard ensuring only the rationality of the fact
finder. Collier v. State, 999 S.W.2d 779, 788 (Tex. Crim. App. 1999); Williams, 937 S.W.2d
at 483. A verdict will not be overturned unless it is irrational or unsupported by proof
beyond a reasonable doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991). The fact finder is the sole judge as to the weight and credibility given to witnesses
testimony, Johnson v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000), and the jury may
believe or disbelieve the testimony of any witness. Penagraph v. State, 623 S.W.2d 341,
343 (Tex. Crim. App. 1981). 
          On appeal, we measure the legal sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997). Such a charge accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately describes the
particular offense for which the defendant is being tried. Id.
The Knife as a Deadly Weapon
          In his sole issue, appellant argues that the State did not present sufficient evidence
to satisfy its burden of proving that the knife used in the robbery was a deadly weapon. He
contends specifically that the knife used in the robbery was not introduced into evidence
and claims that the record contains no evidence regarding the physical characteristics of
the knife. 
          The Texas Penal Code defines a deadly weapon as “anything that in the manner
of its use or intended use is capable of causing death or serious bodily injury.” Tex. Pen.
Code Ann. § 1.07(a)(17)(B) (Vernon 2004). Knives are not deadly weapons per se, and
the State carries the burden of proving a knife used in an offense was a deadly weapon. 
Tisdale v. State, 686 S.W.2d 110, 111 (Tex. Crim. App. 1984).
          In determining the deadliness of a knife, a jury may consider all the facts of a case,
including: (1) words spoken by the appellant; (2) appellant’s threats and gestures; (3)
whether appellant inflicted any injuries; (4) physical proximity of the parties; (5) size, shape,
and sharpness of the knife; (6) manner of its use or intended use; and (7) its capacity to
cause serious bodily injury or death. Brown v. State, 716 S.W.2d 939, 946-47 (Tex. Crim.
App. 1986). No single factor is determinative. Bailey v. State, 46 S.W.3d 487, 491 (Tex.
App.–Corpus Christi 2001, pet. ref’d). The jury may determine a weapon is deadly even
if the weapon is not in evidence. Brown, 716 S.W.2d at 946; Bailey, 46 S.W.3d at 492. 
In reviewing the record, we consider whether a rational trier of fact could find beyond a
reasonable doubt – based on the testimony and evidence – that the manner in which
appellant used the knife, or intended to use the knife, was capable of causing death or
serious bodily injury. Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon 2004); Tisdale, 686
S.W.2d at 114. 
          Here, the victim, Omar Navarro, testified at trial that appellant ran toward his truck,
pried the door open as Navarro tried to close it, and pulled a knife. While brandishing the
knife, appellant told Navarro, “Give me your ‘F’ money now.” On cross-examination,
Navarro testified that appellant pointed the knife at him between six inches and two feet
from his person while Navarro was seatbelted in his truck. Navarro’s testimony regarding
the knife was as follows:
          Q.       Okay. Were you fearful at that time?
          A.       Yes, sir.
          Q.       What were you scared of?
          A.       That he was going to use it on me, first of all.
          Q.       Okay. Did you think that he might injure you?
          A.       Oh, yeah. He was so close – and waving a knife at me – things run
into your mind.
                                                     .          .        . 
          Q.       All right. Can you describe the knife to the jury?
          A.       He had it – he had it with his right hand, it was – it was a stainless
steel knife. I don’t remember the handle of it, because he had it
wrapped around his hand but it was a pretty big knife.
          The jury was free to believe Navarro’s testimony regarding appellant’s aggressive
intrusion into Navarro’s vehicle, appellant’s language and demand for Navarro’s money,
the physical proximity of Navarro to the knife, and Navarro’s fear of the knife’s capacity to
harm him. Tisdale, 686 S.W.2d at 115. In light of this testimony, we conclude that there
was sufficient evidence for a jury to find that the manner of the knife’s use or intended use
was capable of causing death or serious injury. See Tex. Pen. Code Ann. § 1.07(a)(17)(B)
(Vernon 2004); Tisdale, 686 S.W.2d at 115. As such, the trial court’s denial of appellant’s
motion for directed verdict was appropriate. We affirm the trial court’s judgment.


                                                                                                                          
                                                                    LINDA REYNA YAÑEZ
                                                                                  Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
19th day of August, 2004.