NO. 07-05-0414-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 10, 2006
_____

RICKEY LEE ROGHAIR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 271ST DISTRICT COURT OF WISE COUNTY;

NO. 12,919; HON. JOHN H. FOSTEL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Rickey Lee Roghair, challenges his conviction for aggravated assault with a deadly weapon. Through one issue, he contends that the evidence was legally and factually insufficient to support the finding that the fireplace poker he used to assault the victim constituted a deadly weapon. We overrule the issue and affirm the judgment of the trial court.

The standards by which we review the legal and factual sufficiency of the evidence are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

Next, when a person is charged with using a deadly weapon, the evidence must establish that the instrument used was actually deadly. *Lockett v. State,* 874 S.W.2d 810, 814 (Tex. App.–Dallas 1994, pet. ref'd). The Penal Code defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. . . ." TEX. PEN. CODE ANN. §1.07(a)(17)(A) & (B) (Vernon Supp. 2005). And, while a fireplace poker may not be a deadly weapon *per se,* it may be shown to be so via evidence of its size, shape, manner of use or intended use, and capacity to produce death or serious injury. Additionally, evidence of the physical proximity between the victim and the object, threats or words used by the assailant, the size and shape of the weapon, the weapon's ability to inflict death or serious bodily injury, and the manner in which the defendant used the weapon are indicia susceptible of consideration. *Nash v. State,* 175 S.W.3d 427, 430 (Tex. App.–Texarkana 2005, pet. ref'd); *Bailey v. State,* 46 S.W.3d 487, 491 (Tex. App.– Corpus Christi 2001, pet. ref'd). Finally, while expert testimony regarding the deadly nature of an object may be offered, it is not required. *English v. State,* 647 S.W.2d 667, 668-69 (Tex. Crim. App. 1983).

Here, the record shows that the fireplace poker used by appellant against his wife Cynthia, although not described in the record, was introduced into evidence. Additionally,

2

Cynthia testified that appellant stabbed and hit her with it about her arms, breasts, throat and face. And, while stabbing her, one thrust pierced her cheek, "went all the way through [her] mouth, . . . came out this side . . . ." and broke a partial plate holding various false teeth. During this time, appellant also stated that he was going to kill her, and Cynthia was afraid he was. Pictures of the various wounds suffered by the victim were also admitted into evidence.

Admittedly, no description of the weapon appears in the record. Nor did an expert testify as to the poker's deadly nature. However, the jury had the actual poker. So too did it hear testimony and see pictures depicting the force with which it was used and the nature of the wounds it was capable of inflicting. Given this, a jury could have rationally inferred beyond reasonable doubt that the poker was capable of causing death or serious bodily injury. Moreover, the finding is not manifestly unjust. Nor does it undermine our confidence in the proceeding when tested against the evidence of record. Consequently, that portion of the verdict equating the poker to a deadly weapon is supported by both legally and factually sufficient evidence.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.


3