NO. 07-05-0414-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 10, 2006


______________________________



RICKEY LEE ROGHAIR, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 271ST DISTRICT COURT OF WISE COUNTY;



NO. 12,919; HON. JOHN H. FOSTEL, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Rickey Lee Roghair, challenges his conviction for aggravated assault with
a deadly weapon. Through one issue, he contends that the evidence was legally and
factually insufficient to support the finding that the fireplace poker he used to assault the
victim constituted a deadly weapon. We overrule the issue and affirm the judgment of the
trial court. 

 The standards by which we review the legal and factual sufficiency of the evidence
are well established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979), Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004),
Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556
(Tex. Crim. App. 2000) for an explanation of them.

 Next, when a person is charged with using a deadly weapon, the evidence must
establish that the instrument used was actually deadly. Lockett v. State, 874 S.W.2d 810,
814 (Tex. App.-Dallas 1994, pet. ref'd). The Penal Code defines a "deadly weapon" as
"anything manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or . . . anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury. . . ." Tex. Pen. Code Ann. §1.07(a)(17)(A)
& (B) (Vernon Supp. 2005). And, while a fireplace poker may not be a deadly weapon per
se, it may be shown to be so via evidence of its size, shape, manner of use or intended
use, and capacity to produce death or serious injury. Additionally, evidence of the physical
proximity between the victim and the object, threats or words used by the assailant, the
size and shape of the weapon, the weapon's ability to inflict death or serious bodily injury,
and the manner in which the defendant used the weapon are indicia susceptible of
consideration. Nash v. State, 175 S.W.3d 427, 430 (Tex. App.-Texarkana 2005, pet. ref'd);
Bailey v. State, 46 S.W.3d 487, 491 (Tex. App.- Corpus Christi 2001, pet. ref'd). Finally,
while expert testimony regarding the deadly nature of an object may be offered, it is not
required. English v. State, 647 S.W.2d 667, 668-69 (Tex. Crim. App. 1983). 

 Here, the record shows that the fireplace poker used by appellant against his wife
Cynthia, although not described in the record, was introduced into evidence. Additionally,
Cynthia testified that appellant stabbed and hit her with it about her arms, breasts, throat
and face. And, while stabbing her, one thrust pierced her cheek, "went all the way through
[her] mouth, . . . came out this side . . . ." and broke a partial plate holding various false
teeth. During this time, appellant also stated that he was going to kill her, and Cynthia was
afraid he was. Pictures of the various wounds suffered by the victim were also admitted
into evidence. 

 Admittedly, no description of the weapon appears in the record. Nor did an expert
testify as to the poker's deadly nature. However, the jury had the actual poker. So too did
it hear testimony and see pictures depicting the force with which it was used and the nature
of the wounds it was capable of inflicting. Given this, a jury could have rationally inferred
beyond reasonable doubt that the poker was capable of causing death or serious bodily
injury. Moreover, the finding is not manifestly unjust. Nor does it undermine our confidence
in the proceeding when tested against the evidence of record. Consequently, that portion
of the verdict equating the poker to a deadly weapon is supported by both legally and
factually sufficient evidence. 

 The judgment of the trial court is affirmed. 


 Brian Quinn 

 Chief Justice

Do not publish.



oppose this court's exercise of jurisdiction under the facts before us. 
Nevertheless, the time limits in the Rules of Appellate Procedure are not discretionary, and
we cannot create jurisdiction where none exists. Garza v. State, 896 S.W.2d 192, 194
(Tex.Crim.App. 1995). 

 Because the notices of appeal were untimely filed, we are without jurisdiction. 
Accordingly, we must and do hereby dismiss the appeals. 

 Per Curiam

Do not publish.