NUMBER 13-05-274-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DEVIN DREW HILL, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 319th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


Appellant, Devin Hill, was indicted for the aggravated assault with a deadly weapon
of Josai Johnson. See Tex. Pen. Code Ann. §§ 22.01, 22.02 (Vernon Supp. 2005). The
indictment alleged that appellant struck Johnson on the head while using or exhibiting a
deadly weapon, which was alleged to be "a machete or other object unknown to the grand
jury which in the manner of its use or intended use was capable of causing death or serious
bodily injury." Appellant pleaded not guilty. Appellant was tried by a jury and found guilty
of the offense. The trial court sentenced appellant to seven years' imprisonment. By one
issue, appellant contends the evidence was legally and factually insufficient to show that
the weapon used was deadly. 

I. Standard of Review

When reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. App.
2003). We are not fact finders; our role is that of a due process safeguard, ensuring only
the rationality of the trier of fact's finding of the essential elements of the offense beyond
a reasonable doubt. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
 In a factual-sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether "the proof of guilt is so obviously weak as to undermine
confidence in the jury's determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof." See Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury's finding
"shocks the conscience" or "clearly demonstrates bias." Santellan v. State, 939 S.W.2d
155, 164-65 (Tex. Crim. App. 1997). We are authorized to disagree with the fact finder's
verdict even if probative evidence exists that supports the verdict. Id. at 164; see also
Johnson, 23 S.W.3d at 7.

Sufficiency of the evidence is measured against the elements of a hypothetically
correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.-Corpus Christi 2002, pet. ref'd). A hypothetically
correct jury charge is one that accurately sets out the law, is authorized by the indictment,
does not unnecessarily increase the State's burden of proof or unnecessarily restrict the
State's theories of liability, and adequately describes the particular offense for which the
defendant was tried. Malik, 953 S.W.2d at 240. 

A person commits aggravated assault with a deadly weapon if the person commits
assault as defined in section 22.01 and the person uses or exhibits a deadly weapon during
the commission of the assault. See Tex. Pen. Code Ann. §§ 22.01, 22.02(a)(2). 

II. Use of Deadly Weapon

By one issue, appellant contends the evidence was legally and factually insufficient
to show that the weapon used was deadly. When a person is charged with using a deadly
weapon, the evidence must establish that the instrument used was actually deadly. Lockett
v. State, 874 S.W.2d 810, 814 (Tex. App.-Dallas 1994, pet. ref'd). Appellant contends that
a machete is not a deadly weapon per se under the penal code. See Tex. Pen. Code Ann.
§ 1.07(a)(17)(A), (B) (Vernon Supp. 2005). The penal code defines a "deadly weapon" as
"anything manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or . . . anything that in the manner of its use or intended use is capable
of causing death or serious bodily injury . . . ." Id. The State concedes that, because the
machete was not a deadly weapon per se, it was required to prove that the machete
appellant wielded was capable of causing death or serious bodily injury in its manner of use
or intended use. Id.; Bailey v. State, 46 S.W.3d 487, 490 (Tex. App.-Corpus Christi 2001,
pet. ref'd). In Bailey v. State, 38 S.W.3d 157, 159 (Tex. Crim. App. 2001), the court
explained that the plain language of the statute does not say "anything that in the manner
of its use or intended use causes death or serious bodily injury." Instead, the statute
provides that a deadly weapon is "anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury." Id. (emphasis in original) (quoting
McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000)). A. Evidence 

Johnson testified that as he was walking away from appellant's house, after a
confrontation between appellant and one of Johnson's friends, "everything went blank," then
he fell to the ground. He testified when he came to he heard appellant yell "I heard you was
trying to get me, so here I am. I got you before you got me." As Johnson stood up, he
noticed that his head was bleeding. Johnson testified that he knew appellant had struck
him in the head because he saw appellant swinging a machete just after the assault. 
Johnson was taken to the hospital by ambulance. He received between eight and nine
stitches on his forehead. Johnson's medical records, which were admitted without
objection, showed that Johnson had a five centimeter laceration on the right side of his
scalp. The medical records reflect that the treating physician characterized the injury as
"severe" and that he referred Johnson for a CAT scan. The results of the scan were
normal. 

Franjela Mitchell testified that when she, Johnson and two other friends were walking
away from appellant's house, she saw "something go like real fast," and then saw Johnson
on the ground. She testified she witnessed appellant standing over Johnson yelling "I told
you I was going to get you." Mitchell also testified she saw something "real long" in
appellant's hand as he was standing over Johnson. She further testified that Johnson had
blood all over his shirt, hands, and head, and that he was shaking, not really awake, and
not talking. 

Corpus Christi Police Sergeant Timothy Potter testified that Johnson had a pretty big
cut on his forehead. He also testified that, based on his training and experience, he
considers a machete to be a deadly weapon. 

Corpus Christi Police Officer Chris White testified that no blood or weapons were
found on appellant's property. However, blood and an air pistol carried by Johnson were
found near the intersection of Staples and Park. White also testified that the doctors at the
hospital told him that Johnson's injury could not have been caused by a machete. 

Appellant testified that, after Johnson threatened to have him shot, he threw Johnson
to the ground and ran inside to avoid being shot. Appellant denied hitting Johnson with
anything. 

B. Analysis

We focus our analysis on whether the machete was capable of causing death or
serious bodily injury. The court of criminal appeals has approved several factors to be used
in determining whether an object is capable of causing death or serious bodily injury. They
include: (1) physical proximity between the victim and the object, (2) the threats or words
used by the defendant, (3) the size and shape of the weapon, (4) the weapon's ability to
inflict death or serious injury, and (5) the manner in which the defendant used the weapon. 
Bailey, 46 S.W.3d at 491-92 (citations omitted).

There was evidence that appellant approached Johnson from behind and struck him
on his head with the machete. A machete is defined as "a large heavy knife used for cutting
sugarcane and underbrush and as a weapon." Merriam Webster's Collegiate Dictionary
697 (10th ed. 1996). This evidence along with evidence that appellant stood over Johnson
holding the machete, that appellant stated to Johnson "I got you," the five centimeter
laceration to Johnson's forehead, the physician's characterization of the laceration as a
"severe" injury which required stitches and a CAT scan, along with Sergeant Potter's
testimony that he considered the machete to be a deadly weapon in the manner of its use,
is legally sufficient for the jury to have found that the appellant used a deadly weapon,
because he intended to use the machete in such a manner that it was capable of causing
death or serious bodily injury. We therefore hold that the jury's verdict of aggravated
assault by use of a deadly weapon is based on legally sufficient evidence. 

We also note that appellant denied hitting Johnson with anything and that Officer
White testified that the doctors at the hospital stated that Johnson's injury could not have
been caused by a machete. However, these disparities are credibility issues which are best
left to the jury as the ultimate fact finder on issues of credibility. See Swearingen v. State,
101 S.W.3d 89, 97 (Tex. Crim. App. 2003); Johnson v. State, 959 S.W.2d 284, 287 (Tex.
App.-Dallas 1997, pet. ref'd). Thus, we hold that the jury's finding that appellant used a
deadly weapon is not clearly wrong or against the great weight and preponderance of the
evidence. Accordingly, we cannot say that the evidence is factually insufficient. Appellant's
issue is overruled. 

The judgment of the trial court is affirmed. 


 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 17th day of August, 2006.