NO. 07-09-0346-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 6, 2009

______________________________


ALVIN RAY COOPER,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

V.

AMY HERNANDEZ,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_______________________________

FROM THE COUNTY COURT OF FLOYD COUNTY;

NO. 1698; HON. PENNY GOLIGHTLY, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Appellant, Alvin Ray Cooper, filed a notice of appeal on October 23, 2009. 
However, appellant did not pay the $175 filing fee required from appellants under Texas
Rule of Appellate Procedure 5. Nor did he file an affidavit of indigence per Texas Rule of
Appellate Procedure 20.1. By letter from this Court dated October 23, 2009, we informed
appellant that âthe filing fee in the amount of $175.00 has not been paid . . . . Failure to
pay the filing fee within ten (10) days from the date of this notice may result in a dismissal.â 
Tex. R. App. P. 42.3(c); see Holt v. F. F. Enterprises, 990 S.W.2d 756 (Tex. App.âAmarillo
1998, pet. refâd). The deadline lapsed, and the fee was not received. 
Â Â Â Â Â Â Â Â Â Â Because appellant has failed to pay the requisite filing fee as directed by the court,
we dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.3(c). 
 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Â 
Â 
Â 
Â 
Â 
Â 
Â 



t. 

 While there was no direct testimony that appellant released Marisa because of the
arrival of her cousin, Marisa testified appellant was choking her just prior to her cousin's
arrival and the jury could have inferred that was the reason he did so. Moreover, even
though appellant used only one hand to choke her, she believed he was trying to kill her. 
This evidence is sufficient to allow a rational trier of fact to find the element of intent
beyond a reasonable doubt. And, though appellant asserts that he never threatened to kill
Marisa, the violent nature of his acts, the accusations he leveled against her, his violent
state of mind during the attack, and the physical assaults not only indicate otherwise but
also provide ample foundation allowing the factfinder to reasonably infer that appellant
intended to kill Marisa. Lastly, the finding is neither manifestly unjust nor does it undermine
our confidence in the outcome.

 Deadly Weapon

 Next, appellant attacks the deadly weapon finding of the jury. When a person is
charged with using a deadly weapon, the evidence must establish that the instrument used
was actually deadly. Lockett v. State, 874 S.W.2d 810, 814 (Tex. App.-Dallas 1994, pet.
ref'd). The Penal Code defines a "deadly weapon" as "anything manifestly designed,
made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything
that in the manner of its use or intended use is capable of causing death or serious bodily
injury . . . ." Tex. Pen. Code Ann. §1.07(a)(17)(A) & (B) (Vernon Supp. 2005). And, while
appellant's fists or hands, as charged here, are not deadly weapons per se, they may be
shown to be so via evidence of their manner of use or intended use and capacity to
produce death or serious injury. Turner v. State, 664 S.W.2d 86, 90 (Tex. Crim. App.
1983); Gillum v. State, 888 S.W.2d 281, 288 (Tex. App.-El Paso 1994, pet. ref'd). 
Additionally, evidence of the physical proximity between the victim and the object and
threats or words used by the assailant are subject to consideration. Nash v. State, 175
S.W.3d 427, 430 (Tex. App.-Texarkana 2005, pet. ref'd); Bailey v. State, 46 S.W.3d 487,
491 (Tex. App.-Corpus Christi 2001, pet. ref'd). Finally, while expert testimony regarding
the deadly nature of the object may be offered, it is not required. English v. State, 647
S.W.2d 667, 668-69 (Tex. Crim. App. 1983). 

 There was evidence that appellant struck Marisa multiple times and attempted to
choke her. This along with her testimony that she could not breathe and felt he was trying
to kill her, the choking, the situs of the blows to her head, and photographs of the
contusions, bumps, scratches, and other injuries she suffered were both legally and
factually sufficient to allow the jury to find that appellant's hands and fists were deadly
weapons. See Petruccelli v. State, 174 S.W.3d 761, 770 (Tex. App.-Waco 2005, pet.
ref'd) (stating the evidence was factually sufficient to support a finding that the defendant's
hands were deadly weapons when the defendant admitted he hit the victim and there was
testimony that her injuries were consistent with being beaten multiple times with someone's
hands).

 Appellant's issues are overruled, and we affirm the trial court's judgment.

 

 Per Curiam


Do not publish.