

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00411-CR

**JOSHUA JIMENEZ,**

                                               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                               **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2008-1687-C1

## MEMORANDUM OPINION

Joshua Jimenez was convicted of aggravated robbery, a first degree felony. TEX. PENAL CODE ANN. § 29.03 (Vernon 2003). A jury assessed his punishment at 55 years in prison and a fine of $1,100. Jimenez appeals. Because there was no charge error, the trial court's judgment is affirmed.

In one issue, Jimenez complains that the trial court's charge to the jury on guilt/innocence failed to limit the culpable mental states as to the corresponding conduct elements of aggravated robbery as alleged in the indictment. Jimenez contends those corresponding conduct elements are "use/exhibition of a deadly weapon,"

"threatened or placed in fear of imminent bodily injury or death," and "in the course of committing theft." Jimenez supplies a sample charge that includes culpable mental states for all the corresponding conduct elements. In his brief, Jimenez only contends the trial court's failure to provide a culpable mental state for the aggravating element of the use or exhibition of a deadly weapon caused him egregious harm; accordingly, we need not decide whether all of the corresponding conduct elements require a charge on a culpable mental state. Jimenez claims this charging failure caused egregious harm because the evidence was contested as to what he had in his hand during the robbery.

We have previously held that a second culpable mental state is not required to be proved in connection with the aggravating element of the use of a deadly weapon. *Wade v. State*, 951 S.W.2d 886, 889 (Tex. App.—Waco 1997, pet. ref'd). It follows then that the trial court was not required to instruct the jury on a culpable mental state for use or exhibition of a deadly weapon and did not err in failing to do so. Although Jimenez implies that the Court of Criminal Appeals has held otherwise in *Bailey v. State*, it has not. *See Bailey v. State*, 38 S.W.3d 157 (Tex. Crim. App. 2001).

Accordingly, because the trial court did not err in failing to instruct the jury on a culpable mental state for the use or exhibition of a deadly weapon, Jimenez' sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed November 10, 2009
Do not publish
[CRPM]