NO. 07-07-0457-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 10, 2008



______________________________





RUDY OLIVARES, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE





_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2007-415492; HON. JIM BOB DARNELL, PRESIDING



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ. 

 
MEMORANDUM OPINION
          Appellant, Rudy Olivares, appeals his conviction for aggravated assault and his
punishment of confinement in the Institutional Division of the Texas Department of Criminal
Justice for a period of 20 years. This appeal follows. We affirm the judgment of the trial
court.
Factual and Procedural Background 
          On February 27, 2007, appellant and Janet Armstrong were residing together at
Janet’s duplex. On that day, appellant was attempting to rotate the tires on Janet’s vehicle
and encountered difficulty in completing the task. As a result, appellant and Jessica,
Janet’s daughter, made several trips to a friend’s home and later to auto parts businesses
in an attempt to obtain various tools and parts to complete the job. Appellant became
more frustrated and angry and consumed at least six beers during the afternoon and
evening. Ultimately, appellant began shouting and cursing at Jessica which lead Janet to
instruct Jessica to call 911. Appellant went to the bedroom where Jessica was making the
911 call and began assaulting her by grabbing Jessica by the throat and forcing her against
the wall of the bedroom. Janet went into the bedroom, saw what appellant was doing and
attempted to pull him away from Jessica. At this time, appellant began hitting Jessica with
his fist and then picked up an air pump in the bedroom and began striking both Jessica and
Janet. As the assault played out, both Janet and Jessica ended up on the floor of the
bedroom with Janet laying across Jessica in an attempt to shield her from the assault. 
After several blows, appellant suddenly stopped the assault and walked away from the
duplex. Another 911 call was placed and the police arrived to find both victims at the
duplex. The State alleged the air pump to be the deadly weapon used in commission of
the assault. 
          Appellant was indicted in a two count indictment alleging that he committed the
offense of aggravated assault on Janet Armstrong and her daughter, Jessica. At the
conclusion of the trial, the trial court submitted the Court’s Charge that contained charges
on the lesser included offense of assault as to both counts of the indictment. The jury
found appellant guilty of aggravated assault as to Janet Armstrong. As to Jessica
Armstrong, the jury found appellant guilty of the lesser included offense of assault. 
          The record at the trial included numerous pictures of both victims that demonstrated
the severity of the assaults. Each victim testified about what had transpired and the
medical attention that they received after the assault. Appellant was arrested at a nearby 
convenience store shortly after the police arrived at the scene. After his arrest appellant
was read his Miranda rights and proceeded to answer questions and make a statement
about the assault.


 All of appellant’s answers and statements were recorded on the police
officer’s in-car video camera. This recording was played into evidence for the jury. After
hearing all of the evidence, the jury convicted appellant of aggravated assault on Janet and
assault on Jessica. It is from the verdict of aggravated assault that appellant appeals.
          Through a single issue, appellant contends that the evidence was factually
insufficient to sustain the conviction of aggravated assault. We disagree and will affirm the
trial court’s judgment.
Standard of Review
          When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In
performing a factual sufficiency review, we must give deference to the fact finder’s
determinations if supported by evidence and may not order a new trial simply because we
may disagree with the verdict. See id. at 414. As an appellate court, we are not justified
in ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury’s verdict. See id. 
at 417. Additionally, an appellate opinion addressing factual sufficiency must include a
discussion of the most important evidence that appellant claims undermines the jury’s
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).
Aggravated Assault
          The indictment against appellant accused him of intentionally, knowingly, and
recklessly causing bodily injury to Janet Armstrong, by striking her with a “hard object” and
that appellant did use a “deadly weapon, to-wit: an air pump, that in the manner of its use
and intended use was capable of causing death and serious bodily injury.” Thus, appellant
was charged with aggravated assault.


 At trial, appellant conceded to the jury that an
assault had occurred. The central issue at trial, and before this Court, is whether the
evidence supports the jury’s implied finding of the use of a deadly weapon. A deadly
weapon can be anything that “in the manner of its use or intended use is capable of
causing death or serious bodily injury.” See Tex. Penal Code Ann. § 1.07(a)(17) (Vernon
Supp. 2008). Serious bodily injury is defined as “bodily injury that creates a substantial risk
of death or causes death, serious permanent disfigurement, or protracted loss or
impairment of the function of any bodily member or organ.” See Tex. Penal Code Ann. §
1.07(a)(46) (Vernon Supp. 2008).
          An air pump is not a deadly weapon per se. See Hill v. State, 913 S.W.2d 581, 582-83 (Tex.Crim.App. 1996). However, the fact that the item in question is not a per se deadly
weapon does not mean it could not be found to be a deadly weapon based upon the
manner of its use or intended use. Id. (explaining that the use or intended use must be
capable of causing death or serious bodily injury). It is not, however, required that the
State prove that the item in question did in fact cause serious bodily injury. See Bui v.
State, 964 S.W.2d 335, 342 (Tex.App.–Texarkana 1998, pet. ref’d). In ascertaining
whether the particular item is a deadly weapon, it need only be used in a manner capable
of causing death or serious bodily injury. See Bailey v. State, 38 S.W.3d 157, 158-59
(Tex.Crim.App. 2001). In determining the intent of the appellant to use an item as a deadly
weapon, the jury is entitled to consider appellant’s statements made during and after the
incident. Bui, 964 S.W.2d at 343.
Application 
          The evidence at trial showed that Jessica was the first person assaulted by
appellant. Further, the evidence demonstrated that Jessica was punched in the face by
appellant at least twice. Jessica was unable to testify about how many times she was
struck by the air pump, but knew she was hit at least once on top of the head with the air
pump. However, Janet testified that she was struck at least three times in the head with
the air pump. When the police arrived on the scene there was blood splatter in the
bedroom which Janet identified as coming from the wounds she received to her head. 
When the air pump was taken into custody, there were strands of hair found attached to
the pump. Janet testified that she was in pain after the attack. Pictures, taken on the night
of the assault, clearly show that Janet was more seriously injured than Jessica. Also, it is
significant that appellant told the victims that “ I’m really going to f _ _ _ you up.” Appellant
also made the same type of statement to the police officer when, after being arrested, he
told the officer, “So I beat the f_ _ _ out of them.” 
          By his issue, appellant seems to take the position that, since the jury found
appellant guilty of the lesser included offense of assault on Jessica, any finding of guilty
on the aggravated assault on Janet is automatically irrational and, therefore, factually
insufficient. It is this fact that appellant posits should undermine our confidence in the jury
verdict and, therefore, requires reversal. Sims, 99 S.W.3d at 603. However, this theory
belies the jury’s right to weigh the evidence and to draw appropriate inferences from the
evidence. See Barnum v. State, 7 S.W.3d 782, 789 (Tex.App.–Amarillo 1999, pet. ref’d). 
The record contains the testimony of at least three different police officers each opining
that the air pump was a deadly weapon that, by virtue of the manner of its use and
intended use, was capable of causing death or serious bodily injury. The jury was entitled
to rely upon this expert testimony in its determination of the deadly weapon portion of the
State’s indictment. See Lucero v. State, 915 S.W.2d 612, 615 (Tex.App.–El Paso 1996,
pet. ref’d). A review of the pictures entered into evidence would support a conclusion that
Janet suffered a more severe beating than Jessica. The severity of the injury is also a
factor to be considered when making the deadly weapon determination. See Bethel v.
State, 842 S.W.2d 804, 807 (Tex.App.–Houston [1st Dist.] 1992, no pet.). Finally, we must
remember that, in analyzing the evidence, the jury was required to determine whether or
not the proposed deadly weapon was capable of causing death or serious bodily injury. 
See Bailey, 38 S.W.3d at 158-59 (emphasis added). 
          When all of the evidence is reviewed in a neutral light and we consider the
differences in the testimony of Janet and Jessica regarding the number of times they were
struck with the air pump, the jury could rationally find in the manner of the use and
intended use that the air pump was capable of causing the death or serious bodily injury
to Janet. When the testimony of the police officers is added to this consideration, we
cannot say that the jury acted irrationally in finding appellant guilty of aggravated assault
of Janet. Watson, 204 S.W.3d at 415. Accordingly, appellant’s issue is overruled.
Conclusion
          Having overruled appellant’s issue, the judgment of the trial court is affirmed.


Mackey K. Hancock

Do not publish.                                        Justice



:0in 5.4pt 0in 5.4pt;
 mso-para-margin:0in;
 mso-para-margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Calibri","sans-serif";}








NO. 07-10-0493-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

JANUARY 26, 2011

 

______________________________

 

 

IN RE: LUIS AGUILAR,

 

Relator

 

_________________________________

 

ORIGINAL PROCEEDING

_______________________________

 

Before QUINN, C.J.. and
CAMPBELL and PIRTLE, JJ.

DISSENTING OPINION

            The
majority finds that Relator, Luis Aguilar, has an adequate remedy at law
through appeal and, accordingly, denies his request for either a writ of mandamus
or a writ of prohibition.  I respectfully
disagree.

            In
the Justice of the Peace Court in and for Potter County, Texas, Relator sued
the Real Party in Interest, Dutcher's Auto Collision Repair, L.L.C., for breach
of contract concerning repairs to his vehicle. 
On May 12, 2010, following a bench trial on the merits, the Justice of
the Peace Court rendered judgment disposing of both the Relator's claims and
the Real Party in Interest's counterclaims. 
On May 24, 2010, the court signed an order granting Plaintiff's motion
for new trial.  Subsequently, on June 10,
2010, the court signed a written judgment memorializing its original judgment
of May 12.  The Real Party in Interest
then appealed the case to the Potter County Court at Law No. 2 by the filing of
an appeal bond on June 21, 2010.  On
November 8, 2010, the Potter County Court at Law No. 2 entered an order
remanding the case to the Justice of the Peace Court for a trial on the
merits.  Relator now seeks to have this
Court direct the Potter County Court at Law No. 2 to vacate its order of
November 8 or prohibit that court from remanding this case to the Justice of
the Peace Court for a retrial.

Analysis

            In order to
be entitled to relief by writ of mandamus or writ of prohibition, a relator
must meet two requirements: one is to show that the trial court clearly abused
its discretion, and the other is to show that it has no adequate remedy by
appeal.  In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998) (orig.
proceeding); Walker v. Packer, 827 S.W.2d
833, 840-44 (Tex. 1992) (orig. proceeding). 
"An appellate remedy is 'adequate' when any benefits to mandamus
review are outweighed by the detriments." 
In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).  

            An
aggrieved party may appeal a justice court judgment to the county court.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.001 (West 2008).  The result is a trial de novo. Tex. R. Civ. P. 574b. 
An appeal of a justice court judgment is perfected "[w]hen the bond, . . . , provided for in the rules applicable to justice
courts, has been filed and the previous requirements have been complied with .
. . ."  Tex. R. Civ. P. 573.  The appeal bond must be filed within ten days
after the date the judgment in question is signed.  Tex. R. Civ. P. 571.  In computing the ten day period prescribed by
Rule 571 for the filing of an appeal bond, when the last day of the period is a
Sunday, the period runs until the end of the next day which is not a Saturday,
Sunday, or legal holiday.  Tex. R. Civ.
P. 4. 

            Thus,
for the Real Party in Interest in this case to appeal the June 10 judgment of
the Justice of the Peace Court, it was required to file an appeal bond by June
20.  Because June 20, 2010, was a Sunday,
the appeal bond filed on June 21 was timely. 
The timely filing of the appeal bond had the effect of vesting the
Potter County Court at Law No. 2 with jurisdiction to conduct a trial de novo. 
 Because the Potter County
Court at Law did not have jurisdiction to remand the case to the justice court,
much less appear to authorize a retrial, it abused its discretion by attempting
to do so.  

            In
this situation, appellate review is inadequate because the benefits of mandamus
and/or prohibition greatly outweigh the detriments.  This is so because (1) a county court's
jurisdiction, as invoked by an "appeal" from a justice court, does not
include the authority to review the propriety of the justice court's ruling and
to "remand" this case for a trial on the merits, Tex. Civ. Prac.
& Rem. Code Ann. § 51.001
(West 2008), Tex. R. Civ. P. 574b; (2) even if the case were remanded and
retried, either party would still be entitled to trial de novo before the same county court simply by perfecting another "appeal"
following the same procedures, resulting in a duplication of proceedings and
the waste of valuable judicial time and resources; (3) remanding a cause to
justice court for retrial effectively establishes a circulative procedure
whereby a case could never reach a judgment which is ultimately final and appealable
to this Court; and  (4) the granting of
mandamus or prohibition relief will not result in any, or at most, negligible
detriment to the parties.

Conclusion

            Because
I find that the Potter County Court at Law abused its discretion in remanding
this case to the justice court for retrial, and because I find that Relator has
no adequate remedy at law, I would conditionally grant Relator's petition for
writ of mandamus and/or writ of prohibition based on the refusal of the Potter
County Court at Law to vacate its order of November 8, 2010, and proceed
appropriately to a determination of the merits of the pending action after the
remand is vacated.

 

                                                                                      Patrick A. Pirtle

                                                                                            Justice