NO. 07-07-0457-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 10, 2008

_____

RUDY OLIVARES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415492; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Rudy Olivares, appeals his conviction for aggravated assault and his punishment of confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 20 years. This appeal follows. We affirm the judgment of the trial court.

Factual and Procedural Background

On February 27, 2007, appellant and Janet Armstrong were residing together at Janet's duplex. On that day, appellant was attempting to rotate the tires on Janet's vehicle and encountered difficulty in completing the task. As a result, appellant and Jessica, Janet's daughter, made several trips to a friend's home and later to auto parts businesses in an attempt to obtain various tools and parts to complete the job. Appellant became more frustrated and angry and consumed at least six beers during the afternoon and evening. Ultimately, appellant began shouting and cursing at Jessica which lead Janet to instruct Jessica to call 911. Appellant went to the bedroom where Jessica was making the 911 call and began assaulting her by grabbing Jessica by the throat and forcing her against the wall of the bedroom. Janet went into the bedroom, saw what appellant was doing and attempted to pull him away from Jessica. At this time, appellant began hitting Jessica with his fist and then picked up an air pump in the bedroom and began striking both Jessica and Janet. As the assault played out, both Janet and Jessica ended up on the floor of the bedroom with Janet laying across Jessica in an attempt to shield her from the assault. After several blows, appellant suddenly stopped the assault and walked away from the duplex. Another 911 call was placed and the police arrived to find both victims at the duplex. The State alleged the air pump to be the deadly weapon used in commission of the assault.

Appellant was indicted in a two count indictment alleging that he committed the offense of aggravated assault on Janet Armstrong and her daughter, Jessica. At the conclusion of the trial, the trial court submitted the Court's Charge that contained charges

2

on the lesser included offense of assault as to both counts of the indictment. The jury found appellant guilty of aggravated assault as to Janet Armstrong. As to Jessica Armstrong, the jury found appellant guilty of the lesser included offense of assault.

The record at the trial included numerous pictures of both victims that demonstrated the severity of the assaults. Each victim testified about what had transpired and the medical attention that they received after the assault. Appellant was arrested at a nearby convenience store shortly after the police arrived at the scene. After his arrest appellant was read his Miranda rights and proceeded to answer questions and make a statement about the assault.[1] All of appellant's answers and statements were recorded on the police officer's in-car video camera. This recording was played into evidence for the jury. After hearing all of the evidence, the jury convicted appellant of aggravated assault on Janet and assault on Jessica. It is from the verdict of aggravated assault that appellant appeals.

Through a single issue, appellant contends that the evidence was factually insufficient to sustain the conviction of aggravated assault. We disagree and will affirm the trial court's judgment.

### Standard of Review

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a

---

[1]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3

reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 414. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. at 417. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

## Aggravated Assault

The indictment against appellant accused him of intentionally, knowingly, and recklessly causing bodily injury to Janet Armstrong, by striking her with a "hard object" and that appellant did use a "deadly weapon, to-wit: an air pump, that in the manner of its use and intended use was capable of causing death and serious bodily injury." Thus, appellant was charged with aggravated assault.[2] At trial, appellant conceded to the jury that an assault had occurred. The central issue at trial, and before this Court, is whether the evidence supports the jury's implied finding of the use of a deadly weapon. A deadly

---

[2]The Texas Penal Code defines aggravated assault as:

"A person commits an offense if the person commits assault as defined in § 22.01 and the person:

    (1) causes serious bodily injury to another, including the person's spouse; or

    (2) uses or exhibits a deadly weapon during the commission of the assault."

See TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2008).

weapon can be anything that "in the manner of its use or intended use is capable of causing death or serious bodily injury." See TEX. PENAL CODE ANN. § 1.07(a)(17) (Vernon Supp. 2008). Serious bodily injury is defined as "bodily injury that creates a substantial risk of death or causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." See TEX. PENAL CODE ANN. § 1.07(a)(46) (Vernon Supp. 2008).

An air pump is not a deadly weapon *per se*. See Hill v. State, 913 S.W.2d 581, 582-83 (Tex.Crim.App. 1996). However, the fact that the item in question is not a *per se* deadly weapon does not mean it could not be found to be a deadly weapon based upon the manner of its use or intended use. Id. (explaining that the use or intended use must be capable of causing death or serious bodily injury). It is not, however, required that the State prove that the item in question did in fact cause serious bodily injury. See Bui v. State, 964 S.W.2d 335, 342 (Tex.App.–Texarkana 1998, pet. ref'd). In ascertaining whether the particular item is a deadly weapon, it need only be used in a manner capable of causing death or serious bodily injury. See Bailey v. State, 38 S.W.3d 157, 158-59 (Tex.Crim.App. 2001). In determining the intent of the appellant to use an item as a deadly weapon, the jury is entitled to consider appellant's statements made during and after the incident. Bui, 964 S.W.2d at 343.

Application

The evidence at trial showed that Jessica was the first person assaulted by appellant. Further, the evidence demonstrated that Jessica was punched in the face by

appellant at least twice. Jessica was unable to testify about how many times she was struck by the air pump, but knew she was hit at least once on top of the head with the air pump. However, Janet testified that she was struck at least three times in the head with the air pump. When the police arrived on the scene there was blood splatter in the bedroom which Janet identified as coming from the wounds she received to her head. When the air pump was taken into custody, there were strands of hair found attached to the pump. Janet testified that she was in pain after the attack. Pictures, taken on the night of the assault, clearly show that Janet was more seriously injured than Jessica. Also, it is significant that appellant told the victims that " I'm really going to f _ _ _ you up." Appellant also made the same type of statement to the police officer when, after being arrested, he told the officer, "So I beat the f_ _ _ out of them."

By his issue, appellant seems to take the position that, since the jury found appellant guilty of the lesser included offense of assault on Jessica, any finding of guilty on the aggravated assault on Janet is automatically irrational and, therefore, factually insufficient. It is this fact that appellant posits should undermine our confidence in the jury verdict and, therefore, requires reversal. Sims, 99 S.W.3d at 603. However, this theory belies the jury's right to weigh the evidence and to draw appropriate inferences from the evidence. See Barnum v. State, 7 S.W.3d 782, 789 (Tex.App.–Amarillo 1999, pet. ref'd). The record contains the testimony of at least three different police officers each opining that the air pump was a deadly weapon that, by virtue of the manner of its use and intended use, was capable of causing death or serious bodily injury. The jury was entitled to rely upon this expert testimony in its determination of the deadly weapon portion of the

6

State's indictment.  See Lucero v. State, 915 S.W.2d 612, 615 (Tex.App.–El Paso 1996, pet. ref'd).  A review of the pictures entered into evidence would support a conclusion that Janet suffered a more severe beating than Jessica.  The severity of the injury is also a factor to be considered when making the deadly weapon determination.  See Bethel v. State, 842 S.W.2d 804, 807 (Tex.App.–Houston [1st Dist.] 1992, no pet.).  Finally, we must remember that, in analyzing the evidence, the jury was required to determine whether or not the proposed deadly weapon was **capable** of causing death or serious bodily injury.  See Bailey, 38 S.W.3d at 158-59 (emphasis added).

When all of the evidence is reviewed in a neutral light and we consider the differences in the testimony of Janet and Jessica regarding the number of times they were struck with the air pump, the jury could rationally find in the manner of the use and intended use that the air pump was capable of causing the death or serious bodily injury to Janet.  When the testimony of the police officers is added to this consideration, we cannot say that the jury acted irrationally in finding appellant guilty of aggravated assault of Janet.  Watson, 204 S.W.3d at 415.   Accordingly, appellant's issue is overruled.

Conclusion

Having overruled appellant's issue, the judgment of the trial court is affirmed.


Mackey K. Hancock
Do not publish.                                        Justice