Opinion filed March 11,
2010

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00200-CR

                                                     __________

 

                             BENJAMIN
LEON KERSHAW, Appellant

 

                                                             V.

 

                                       STATE
OF TEXAS, Appellee



 

                                   On Appeal from the 104th
District Court

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 16488B

 



 

                                            M
E M O R A N D U M   O P I N I O N

Benjamin Leon Kershaw appeals from a judgment of conviction for the second degree
felony of causing serious bodily injury to a disabled person.  The trial court
found that a deadly weapon was used in the commission of the offense, and it sentenced
appellant to five years confinement in the Texas Department of Criminal
Justice, Institutional Division.  We affirm.

Background
Facts

            Appellant
was employed as a direct care worker at the Abilene State School.  A direct
care worker takes care of the residents’ needs, including bathing, feeding,
dressing, and changing.   Pauline Contreras is a resident at the Abilene State School.
 Contreras is blind, partially deaf, and 

 

unable to
verbally communicate.  She does not respond to simple directions and must be
manually moved by a caregiver.  Appellant stipulated that she was a disabled
individual.    

            On
the date of the incident, appellant gave Contreras a bath, got her dressed, and
wheeled her out to the area where the staff dries hair.  When appellant was
drying her hair, he held the hair dryer directly on Contreras’s face for a
period of time in order to get her to turn her head.  Appellant turned off the
hair dryer and noticed that Contreras was drooling.  He took a washcloth and
wiped her face.  Her skin peeled off onto the washcloth.  Contreras suffered
second degree burns on her face along her jaw line.  The burns caused scarring
and discoloration of her skin. 

            Appellant
was indicted for intentionally and knowingly causing serious bodily injury to a
disabled individual and in a second paragraph for recklessly causing serious
bodily injury to a disabled individual.  Appellant pleaded not guilty to both
paragraphs and proceeded to a bench trial.  After the State rested, appellant
moved for a directed verdict.  The trial court denied the motion. Appellant
then pleaded guilty to the indictment’s second paragraph:  recklessly causing
serious bodily injury to a disabled individual.  The State elected to continue
to proceed with the indictment’s first allegation:  intentionally and knowingly
causing serious bodily injury to a disabled individual.  The trial court acquitted
on this allegation and only found him guilty of recklessly causing serious
bodily injury to a disabled individual.

Issues
on Appeal

            Appellant
raises five issues on appeal.  He asserts in two issues that the evidence is
legally and factually insufficient to support the finding of serious bodily
injury.  Appellant next asserts that the trial court could have found him
guilty of a lesser included offense or not guilty even though he had pleaded
guilty to the second paragraph of the indictment.  Appellant asserts in his
fourth issue that the trial court erred in not granting his motion for directed
verdict.  Finally, appellant asserts that the evidence was legally and
factually insufficient to make a deadly weapon finding.

Directed
Verdict and Sufficiency of the Evidence

Appellant challenges the
sufficiency of the evidence supporting the finding of serious bodily injury in
three different issues.  First, appellant argues that the trial court erred in
failing to grant his motion for directed verdict because the evidence did not
support a finding of serious bodily injury.  Next, appellant argues that the
evidence is legally and factually insufficient to support the finding of
serious bodily injury. 

 In reviewing a denial of a
motion for directed verdict, we apply the same standard of review as used when
reviewing the legal sufficiency of the evidence.   We review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  To
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence supporting the
verdict is so weak that the verdict is clerly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  The factfinder is the sole judge of the credibility of the witnesses
and the weight to be given their testimony.  Adelman v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992).  The factfinder may choose to believe
or disbelieve all or any part of any witness’s testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

  When a defendant knowingly,
intelligently, and voluntarily enters a plea of guilty, the traditional standards of review for legal and factual
sufficiency do not apply.  Ex parte Martin, 747 S.W.2d 789, 791 (Tex.
Crim. App. 1988).  A plea of guilty is an admission of guilt of the
offense charged.  However, a conviction is not authorized unless there is
evidence offered to support such plea and the judgment to be entered.  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005); Menefee  v. State, 287 S.W.3d 9, 13 (Tex. Crim. App.
2009).   When the defendant enters a guilty plea,
there is no requirement that the supporting evidence prove the defendant’s
guilt beyond a reasonable doubt. Martin, 747 S.W.2d at
792; McGill v. State, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no
pet.).  Rather, in reviewing the sufficiency of the
State’s evidence, we will affirm the trial court’s judgment if the evidence
embraces every essential element of the offense charged.  Stone  v.
State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); McGill, 200
S.W.3d at 330.  

A
person commits an offense if he intentionally, knowingly, recklessly, or with criminal
negligence by act or by omission causes serious bodily injury to a disabled
individual.  Tex. Penal Code Ann.
§ 22.04(a)(1) (Vernon Supp. 2009).  A disabled individual means a person older
than fourteen years of age who -- by reason of age or physical or mental
disease, defect, or injury -- is substantially unable to protect himself from
harm or to provide food, shelter, or medical care for himself.  Tex. Penal Code Ann. § 22.04(c)(3)
(Vernon Supp. 2009).  Serious bodily injury means bodily injury that creates a
substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.  Tex. Penal Code Ann.
§ 1.07(a)(46) (Vernon Supp. 2009).  Whether an injury constitutes serious
bodily injury is determined on a case-by-case basis.   Moore v. State,
739 S.W.2d 347, 355 (Tex. Crim. App. 1987).  We look to the injury at the time
it was inflicted, not after the effects have been ameliorated by medical
treatment.   Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim. App.
1980).  

The
evidence is sufficient to support a finding of serious bodily injury. 
Contreras suffered from second degree burns on the right side of her face along
her jaw line.  She was admitted to the infirmary at the State School for a
period of eight days.  Her treating physician, Dr. Boi Vu, testified that the
second degree burn created blisters and caused her skin to peel off.  Dr. Vu
treated Contreras with antibiotic ointment to keep the burn from becoming
infected. Dr. Vu also administered morphine for pain. Dr. Vu testified that, with
a burn, there was a possibility of prolonged nerve damage.  He stated that it
is difficult to determine if Contreras still suffers from nerve damage because
she is unable to communicate.  Dr. Vu also testified that, after the skin heals
from a burn, the scars do not function as normal skin.  Dr. Vu testified that
he considered Contreras’s injury to be a serious injury with a substantial risk
of permanent scarring and that, had the burn been left untreated, it could have
led to death.

This
evidence embraces the essential elements of the offense charged and is
sufficient to support the finding that Contreras suffered serious bodily injury
because of the impairment or loss of the function of her skin and the
substantial risk of death.   Her burn could cause a complete loss of the normal
function of her skin.  Further, left untreated, Contreras’s burn carried a
substantial risk of death especially due to her inability to care for
herself.   We overrule appellant’s first, third, and fourth issues on appeal. 

Lesser
Included Offense

Appellant
argues that the trial court should have found him guilty of a lesser included
offense or not guilty even though he pleaded guilty to the second paragraph of
the indictment.  Specifically, appellant again challenges the sufficiency of
the evidence supporting the finding of serious bodily injury.

 
We agree with appellant that the trial court had the authority to find
appellant not guilty, or guilty of a lesser included offense, despite his plea
of guilty.  When a defendant enters a plea and the trial court acts as the fact-finding
authority, it will “‘consider the evidence submitted and as the trier of facts’
decide that the evidence did not create a reasonable doubt as to guilt, or ‘find
the appellant guilty of a lesser offense and assess the appropriate punishment
or it may find the defendant not guilty.’” Aldrich v. State, 104 S.W.3d
890, 893 (Tex. Crim. App. 2003).  The trial court did not err in failing to
find appellant guilty of a lesser included offense or not guilty.  As stated
above, there was sufficient evidence to support the finding of serious bodily
injury and the trial court’s verdict.  We overrule appellant’s second issue on
appeal. 

Deadly
Weapon Finding

Appellant
argues that the evidence is legally and factually insufficient to support a
deadly weapon finding as to the hair dryer.  A deadly weapon is anything
manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury or anything that in the manner of its use or intended use
is capable of causing death or serious bodily injury.  Tex. Penal Code Ann. § 1.07(a)(17) (Vernon Supp. 2009).  
In determining if the evidence is sufficient to support a deadly weapon finding,
we first ask if there is evidence showing that the weapon caused death or
serious bodily injury.  Bailey v. State, 38 S.W.3d 157, 158 (Tex. Crim.
App. 2001).  If there is no such evidence, then we consider whether the State
produced evidence showing that the object was both capable of causing serious
bodily injury and displayed or used in a manner that establishes the intent to
cause death or serious bodily injury.  Id.  Appellant argues that the
evidence is insufficient to show that Contreras suffered serious bodily
injury.  However, as we have stated above, the evidence is sufficient to show
that Contreras suffered serious bodily injury from the hair dryer.  The trial
court did not err in making a deadly weapon finding.  We overrule appellant’s
fifth issue.

Conclusion

            The trial court’s
judgment is affirmed. 

 

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

March 11, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.