Opinion filed March 11, 2010



In The

# Eleventh Court of Appeals

—————

## No. 11-08-00200-CR
—————

**BENJAMIN LEON KERSHAW, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16488B**

## MEMORANDUM OPINION

Benjamin Leon Kershaw appeals from a judgment of conviction for the second degree felony of causing serious bodily injury to a disabled person. The trial court found that a deadly weapon was used in the commission of the offense, and it sentenced appellant to five years confinement in the Texas Department of Criminal Justice, Institutional Division. We affirm.

### Background Facts

Appellant was employed as a direct care worker at the Abilene State School. A direct care worker takes care of the residents' needs, including bathing, feeding, dressing, and changing. Pauline Contreras is a resident at the Abilene State School. Contreras is blind, partially deaf, and

unable to verbally communicate. She does not respond to simple directions and must be manually moved by a caregiver. Appellant stipulated that she was a disabled individual.

On the date of the incident, appellant gave Contreras a bath, got her dressed, and wheeled her out to the area where the staff dries hair. When appellant was drying her hair, he held the hair dryer directly on Contreras's face for a period of time in order to get her to turn her head. Appellant turned off the hair dryer and noticed that Contreras was drooling. He took a washcloth and wiped her face. Her skin peeled off onto the washcloth. Contreras suffered second degree burns on her face along her jaw line. The burns caused scarring and discoloration of her skin.

Appellant was indicted for intentionally and knowingly causing serious bodily injury to a disabled individual and in a second paragraph for recklessly causing serious bodily injury to a disabled individual. Appellant pleaded not guilty to both paragraphs and proceeded to a bench trial. After the State rested, appellant moved for a directed verdict. The trial court denied the motion. Appellant then pleaded guilty to the indictment's second paragraph: recklessly causing serious bodily injury to a disabled individual. The State elected to continue to proceed with the indictment's first allegation: intentionally and knowingly causing serious bodily injury to a disabled individual. The trial court acquitted on this allegation and only found him guilty of recklessly causing serious bodily injury to a disabled individual.

### Issues on Appeal

Appellant raises five issues on appeal. He asserts in two issues that the evidence is legally and factually insufficient to support the finding of serious bodily injury. Appellant next asserts that the trial court could have found him guilty of a lesser included offense or not guilty even though he had pleaded guilty to the second paragraph of the indictment. Appellant asserts in his fourth issue that the trial court erred in not granting his motion for directed verdict. Finally, appellant asserts that the evidence was legally and factually insufficient to make a deadly weapon finding.

### Directed Verdict and Sufficiency of the Evidence

Appellant challenges the sufficiency of the evidence supporting the finding of serious bodily injury in three different issues. First, appellant argues that the trial court erred in failing to grant his motion for directed verdict because the evidence did not support a finding of serious bodily injury. Next, appellant argues that the evidence is legally and factually insufficient to support the finding of serious bodily injury.

2

In reviewing a denial of a motion for directed verdict, we apply the same standard of review as used when reviewing the legal sufficiency of the evidence. We review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clerly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

When a defendant knowingly, intelligently, and voluntarily enters a plea of guilty, the traditional standards of review for legal and factual sufficiency do not apply. *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). A plea of guilty is an admission of guilt of the offense charged. However, a conviction is not authorized unless there is evidence offered to support such plea and the judgment to be entered. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). When the defendant enters a guilty plea, there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *Martin*, 747 S.W.2d at 792; *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Rather, in reviewing the sufficiency of the State's evidence, we will affirm the trial court's judgment if the evidence embraces every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996); *McGill*, 200 S.W.3d at 330.

A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence by act or by omission causes serious bodily injury to a disabled individual. TEX. PENAL CODE ANN. § 22.04(a)(1) (Vernon Supp. 2009). A disabled individual means a person older than fourteen years of age who -- by reason of age or physical or mental disease, defect, or injury -- is substantially unable to protect himself from harm or to provide food, shelter, or medical care for himself. TEX. PENAL CODE ANN. § 22.04(c)(3) (Vernon Supp. 2009). Serious bodily injury means

3

bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. TEX. PENAL CODE ANN. § 1.07(a)(46) (Vernon Supp. 2009). Whether an injury constitutes serious bodily injury is determined on a case-by-case basis. *Moore v. State*, 739 S.W.2d 347, 355 (Tex. Crim. App. 1987). We look to the injury at the time it was inflicted, not after the effects have been ameliorated by medical treatment. *Brown v. State*, 605 S.W.2d 572, 575 (Tex. Crim. App. 1980).

The evidence is sufficient to support a finding of serious bodily injury. Contreras suffered from second degree burns on the right side of her face along her jaw line. She was admitted to the infirmary at the State School for a period of eight days. Her treating physician, Dr. Boi Vu, testified that the second degree burn created blisters and caused her skin to peel off. Dr. Vu treated Contreras with antibiotic ointment to keep the burn from becoming infected. Dr. Vu also administered morphine for pain. Dr. Vu testified that, with a burn, there was a possibility of prolonged nerve damage. He stated that it is difficult to determine if Contreras still suffers from nerve damage because she is unable to communicate. Dr. Vu also testified that, after the skin heals from a burn, the scars do not function as normal skin. Dr. Vu testified that he considered Contreras's injury to be a serious injury with a substantial risk of permanent scarring and that, had the burn been left untreated, it could have led to death.

This evidence embraces the essential elements of the offense charged and is sufficient to support the finding that Contreras suffered serious bodily injury because of the impairment or loss of the function of her skin and the substantial risk of death. Her burn could cause a complete loss of the normal function of her skin. Further, left untreated, Contreras's burn carried a substantial risk of death especially due to her inability to care for herself. We overrule appellant's first, third, and fourth issues on appeal.

*Lesser Included Offense*

Appellant argues that the trial court should have found him guilty of a lesser included offense or not guilty even though he pleaded guilty to the second paragraph of the indictment. Specifically, appellant again challenges the sufficiency of the evidence supporting the finding of serious bodily injury.

We agree with appellant that the trial court had the authority to find appellant not guilty, or guilty of a lesser included offense, despite his plea of guilty. When a defendant enters a plea and the

4

trial court acts as the fact-finding authority, it will "'consider the evidence submitted and as the trier of facts' decide that the evidence did not create a reasonable doubt as to guilt, or 'find the appellant guilty of a lesser offense and assess the appropriate punishment or it may find the defendant not guilty.'" *Aldrich v. State*, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003). The trial court did not err in failing to find appellant guilty of a lesser included offense or not guilty. As stated above, there was sufficient evidence to support the finding of serious bodily injury and the trial court's verdict. We overrule appellant's second issue on appeal.

*Deadly Weapon Finding*

Appellant argues that the evidence is legally and factually insufficient to support a deadly weapon finding as to the hair dryer. A deadly weapon is anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17) (Vernon Supp. 2009). In determining if the evidence is sufficient to support a deadly weapon finding, we first ask if there is evidence showing that the weapon caused death or serious bodily injury. *Bailey v. State*, 38 S.W.3d 157, 158 (Tex. Crim. App. 2001). If there is no such evidence, then we consider whether the State produced evidence showing that the object was both capable of causing serious bodily injury and displayed or used in a manner that establishes the intent to cause death or serious bodily injury. *Id.* Appellant argues that the evidence is insufficient to show that Contreras suffered serious bodily injury. However, as we have stated above, the evidence is sufficient to show that Contreras suffered serious bodily injury from the hair dryer. The trial court did not err in making a deadly weapon finding. We overrule appellant's fifth issue.

*Conclusion*

The trial court's judgment is affirmed.

RICK STRANGE

JUSTICE

March 11, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.