

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00164-CR

_____

BOBBY CARL LENNOX AKA BOBBY CARL LEANOX, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28256

Before Morriss, C.J., Burgess and Stevens, JJ.

# O R D E R

Bobby Carl Lennox was convicted of three counts of forgery of a financial instrument and was sentenced to seventeen years' imprisonment on each count, with the sentences to run concurrently. In an opinion issued February 20, 2020, we reversed the portion of the judgments imposing punishment and remanded the causes to the trial court for new punishment hearings.

On March 9, 2020, the State filed a motion for rehearing. That motion remains pending with this Court.

On March 31, 2020, Lennox filed a motion pursuant to Article 44.04(h) of the Texas Code of Criminal Procedure asking this Court to set bail pending final determination of his appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h).

We deny Lennox's motion as prematurely filed. Article 44.04(h) states:

> (h)     If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr. App. R. 209(c).

TEX. CODE CRIM. PROC. ANN. art. 44.04(h). Under Article 44.04(h), Lennox's right to release does not attach until such time as this Court issues its final ruling. Because the State's motion for rehearing remains pending, the final ruling of this Court has yet to issue. *See Tissier v. Kegans*, 789 S.W.2d 680 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (court of appeals

2

decision reversing defendant's conviction was not final, as state's motion for rehearing was still pending); *In re Keeter*, 134 S.W.3d 250, 253 (Tex. App.—Waco 2003, orig. proceeding); *see Gomez v. State*, No. 07-10-00116-CR, 2011 WL 1546861, at *1 (Tex. App.—Amarillo Apr. 25, 2011, order) (per curiam).

We, therefore, deny Lennox's motion for bail as premature.

IT IS SO ORDERED.

BY THE COURT

Date:  April 7, 2020

3